**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| TRAVIS BRYANT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 05-3039-CV-S-DW-P |
| | ) | No. 02-3039-CR-S-DW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Travis Bryant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255 (Doc. 1.) Movant seeks relief from the 295-month sentence imposed following his conviction for violating 18 U.S.C. §922(g)(1), which prohibits felons from possessing firearms. In his motion, Movant claims that he received ineffective assistance of counsel both at trial and on appeal. The Government has responded to the Court's Order to Show Cause why the requested relief should not be granted (Doc. 5). Movant then filed a motion for judgment on the pleadings, to which the government responded and Movant replied (Docs. 7, 14, and 16). After consideration of the record and the parties' arguments, the Court denies the pending § 2255 motion.

I. Discussion

A. Evidentiary Hearing

Movant requests a hearing on the pending motion. A § 2255 motion can be resolved without a hearing if: (1) the movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Sanders v. United States, 347 F.3d 720, 721 (8th Cir. 2003). The record in this case contains all of the information needed to rule on the motion. Even accepting Movant's allegations as true, he is not entitled to relief as a

matter of law. Accordingly, Bryant's request for a hearing is denied.

B. Ineffective Assistance of Counsel

A federal sentence may be collaterally attacked by a 28 U.S.C. § 2255 motion. See Rules Governing Section 2255 Proceedings for the United States District Court, Rule 1. Section 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.

A claim of ineffective assistance of counsel is a cognizable claim under § 2255. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). In Strickland v. Washington, 466 U.S. 668 (1984), the U.S. Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance and the court must be highly deferential when reviewing counsel's performance. Id. at 689. Second, a petitioner must demonstrate prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This requires proof of a reasonable probability that the result would have been different. French v. United States, 76 F.3d 186, 188 (8th Cir. 1996). "Reasonable probability" means a probability sufficient to undermine confidence in the outcome of the trial. Strickland, 466 U.S. at 694. Finally, a court may examine the "prejudice" prong without determining whether the representation fell below the objective standard of reasonableness. United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002). As such, failure to demonstrate prejudice will be dispositive of the case. United States v.

Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

Bryant argues numerous deficiencies of trial counsel: (1) failure to move to suppress government witness identification testimony; (2) failure to object to the introduction of ammunition recovered from Hicks' residence; (3) alleged change of theory of defense on the eve of trial; (4) failure to request a limiting instruction regarding evidence of ammunition recovered from Hicks' residence; (5) failure to have the jury charged regarding his false exculpatory statement; (6) failure to develop that only one suspect wore a red jacket; (7) failure to competently object to the Court's erroneous reply to the jury note on the issue of possession; (8) failure to submit an actual possession instruction; and (9) refusal to accept the Court's offer of additional time. Bryant also argues various deficiencies in his appellate representation: (10) failure to present legal authority or precedent; (11) failure to show prejudice from supplemental instruction 19; (12) failure to competently argue error of jury instruction on joint and constructive possession; and (13) failure to argue that trial errors combined to impermissibly broaden the scope of the indictment.

The mere numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief. See Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996) (rejecting the argument that cumulative effect of errors alone demonstrated a deprivation of fair trial). The Court has reviewed all of the claimed deficiencies of counsel and concludes that even if defense counsels' performance was deficient, Bryant was not prejudiced thereby. Bryant's allegations related to trial counsel's failure to move, submit or otherwise object to various issues

at trial[1] do not establish a reasonable probability of a different outcome because the record supports the conclusion that such actions by counsel would have been unsuccessful in any case. Similarly, Bryant's remaining allegations of ineffectiveness at trial are too speculative to establish a reasonable probability of a different outcome. Mere ruminations on the merits of an alternate defense theory or the further development of a particular aspect of the chosen defense is insufficient to undermine confidence in the outcome of the trial.

Bryant's allegations concerning the performance of appellate counsel are also insufficient to establish prejudice. Grounds (11), (12) and (13) are refuted within the appellate decision itself. Bryant, 349 F.3d at 1098 (finding any error in giving the challenged instruction was harmless). Ground (10) fails because the aforementioned grounds, even if supported by legal authority or precedent and accepted as true, would not have altered the outcome of the decision.

II. Conclusion

For the reasons stated above, it is hereby

ORDERED that

(1) Bryant's request for a hearing is DENIED;

(2) Movant Travis Bryant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED;

(3) Bryant's motion for judgment on the pleadings (Doc. 7) is DENIED as moot; and

(4) Movant is DENIED a Certificate of Appealability.

Date: March 24, 2006

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

---

[1] Grounds (1), (2), (4), (5), (7), and (8)